UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO:

DAVID BERGERON, JOHN GRENNON,
LORNE LYNCH, JOHN BARNES,
JOHN ELLIS, TIMOTHY TURLEY,
AL MOSCONE, WILLIAM PENEAU,
ERIC DILIBERO and PAUL GIGLIO,
    Plaintiffs,

V.

ANDREA CABRAL, INDIVIDUALLY and
as SHERIFF OF SUFFOLK COUNTY,
    Defendant.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**I - INTRODUCTION**

1. This is an action brought pursuant to the provisions of 42 USC §1983 for violations of the First and Fourteenth Amendments to the United States Constitution.

2. In addition to seeking monetary and punitive damages, the plaintiffs also seek a court order barring the defendant from stripping the plaintiffs of their Deputy Sheriff positions and further ordering the Sheriff to reinstate the plaintiffs to their Deputy Sheriff positions.

**II - JURISDICTION**

3. Jurisdiction is proper pursuant to 42 USC §1983.

**III - PARTIES**

4. The plaintiff John Grennon is at all times a member of the Jail Officers and Employees of Suffolk County (hereinafter "JOEASC"), a collective bargaining unit certified by the

      Massachusetts Labor Relations Commission as the exclusive bargaining representative for the Jail Officers employed by the Suffolk County Sheriff's Department. Grennon resides at 43 Pontiac Rd, Quincy, MA 02169.

5. The plaintiff David Bergeron is at all times a member of the Jail Officers and Employees of Suffolk County (hereinafter "JOEASC"), a collective bargaining unit certified by the Massachusetts Labor Relations Commission as the exclusive bargaining representative for the Jail Officers employed by the Suffolk County Sheriff's Department. Bergeron resides at 141 Weld Street, West Roxbury, MA.

6. The plaintiff John Barnes is at all times a member of the Jail Officers and Employees of Suffolk County (hereinafter "JOEASC"), a collective bargaining unit certified by the Massachusetts Labor Relations Commission as the exclusive bargaining representative for the Jail Officers employed by the Suffolk County Sheriff's Department. Barnes resides at 90 Presidential Circle, Marshfield, MA 02050.

7. The plaintiff John Ellis is at all times a member of the Jail Officers and Employees of Suffolk County (hereinafter "JOEASC"), a collective bargaining unit certified by the Massachusetts Labor Relations Commission as the exclusive bargaining representative for the Jail Officers employed by the Suffolk County Sheriff's Department. Ellis resides at 1992 Commonwealth Ave. #3, Brighton, MA 02135.

8. The plaintiff Timothy Turley is at all times a member of the Jail Officers and Employees of Suffolk County (hereinafter "JOEASC"), a collective bargaining unit certified by the Massachusetts Labor Relations Commission as the exclusive bargaining representative for the Jail Officers employed by the Suffolk County Sheriff's Department. Turley

resides at 12 Greaton Rd, West Roxbury, MA 02132.

9. The plaintiff William Peneau is at all times a member of the Jail Officers and Employees of Suffolk County (hereinafter "JOEASC"), a collective bargaining unit certified by the Massachusetts Labor Relations Commission as the exclusive bargaining representative for the Jail Officers employed by the Suffolk County Sheriff's Department. Peneau resides at 17 Shanpauly Drive, Billerica, MA 01821.

10. The plaintiff Paul Giglio is at all times a member of the Jail Officers and Employees of Suffolk County (hereinafter "JOEASC"), a collective bargaining unit certified by the Massachusetts Labor Relations Commission as the exclusive bargaining representative for the Jail Officers employed by the Suffolk County Sheriff's Department. Giglio resides as 15 Geneva St, East Boston, MA 02128.

11. The plaintiff Eric Dilibero is at all times a member of the Jail Officers and Employees of Suffolk County (hereinafter "JOEASC"), a collective bargaining unit certified by the Massachusetts Labor Relations Commission as the exclusive bargaining representative for the Jail Officers employed by the Suffolk County Sheriff's Department. Dilibero resides at 16 Whittemore Lane, Stoneham, MA 02180.

12. The plaintiff Lorne Lynch is at all times a member of the American Federation of State, County and Municipal Employees Local 3643 (hereinafter "Local 3643"), a collective bargaining unit certified by the Massachusetts Labor Relations Commission as the exclusive bargaining representative for the Jail Officers employed by the Suffolk County Sheriff's Department. Lynch resides at 65 Collincote St, Stoneham Ma.02180.

13. The plaintiff Al Moscone is at all times a member of the American Federation of State, County and Municipal Employees Local 3643 (hereinafter "Local 3643"), a collective bargaining unit certified by the Massachusetts Labor Relations Commission as the exclusive bargaining representative for the Jail Officers employed by the Suffolk County Sheriff's Department. Moscone resides at 189 Crescent Ave, Revere Ma.02151.

14. The defendant Andrea Cabral is at all times the duly elected Sheriff of Suffolk County, 20 Bradston Street, Boston, MA 02118.

## IV. FACTS

15. JOEASC was formed in 2003 and comprises all the individuals in the Suffolk County Sheriff's Department who are Jail Officers, from the rank of JO-1 to the rank of JO-3.

16. Plaintiff John Grennon was the first Vice President of JOEASC, appointed to that position in January of 2003 and then elected to that position in April of 2003.

17. Plaintiff David Bergeron was the duly appointed Secretary of the Executive Board of JOEASC, appointed to that position in January of 2003.

18. Plaintiff John Barnes was the duly appointed elected President of JOEASC, appointed to that position in January of 2003 and then elected to that position in April of 2003.

19. Plaintiff John Ellis was the duly elected Secretary of JOEASC, elected to that position in April of 2003.

20. Plaintiff Timothy Turley was a member of the Executive Board of JOEASC and appointed the First Chief Steward for JOEASC in April of 2003.

21. Plaintiff William Peneau was appointed the first Grievance Administrator of JOEASC in April of 2003.

22. Plaintiff Eric Dilibero was elected Vice President of AFSCME, from 2000 to 2004.

23. Plaintiff Lynch was an Executive Board Member of AFSCME and the Grievance Coordinator of AFSCME, as well as a member of the contract negotiating team for AFSCME for the purpose of negotiating a contract between AFSCME and the Sheriff.

24. Plaintiff Moscone is the President of AFSCME now and was the Treasurer of AFSCME in November of 2002 when the defendant was appointed to a position as Sheriff of Suffolk County.

25. All the plaintiffs, in their positions as member of JOEASC or Local 3643, were active union members in either filing grievances on behalf of their respective memberships, negotiating and fighting for the rights and privileges due their members via collective bargaining agreements, and avid supporters and/or contributors to the campaign of the defendant's most recent electoral opponent, Stephen J. Murphy.

26. All plaintiffs, because of their protected union activities as members and or elected or appointed officials of either JOEASC or Local 3643, support and/or contributions to defendant's political opponent Stephen J. Murphy, or because of their position on negotiation teams representing their membership in negotiations for a new contract with the defendant, have been removed from their position as Deputy Sheriff by the defendant per a letter to all of the plaintiffs dated April 21, 2005 from the defendant's Superintendent of Human Resources Michael J. Harris. Prior to April 21, 2005 all of the plaintiffs had been re-appointed by Sheriff Cabral to the positions of Deputy Sheriff on or about January of 2003.

27. Despite the Sheriff's contention in the April 21, 2005 letter that the plaintiffs were losing their Deputy Sheriff positions because they were not "members in good standing", none of the plaintiffs had been subjected to any discipline from January of 2003 when they were last re-appointed as Deputy Sheriff's until April 21, 2005.

28. Despite requiring all of the Deputy Sheriffs to be "members in good standing", the defendant re-appointed other employees of the Suffolk County Sheriff's Department who had been disciplined since January of 2003.

29. Despite having received numerous commendations from January of 2003 through April of 2005, the plaintiffs were removed from their position as Deputy Sheriff because the defendant asserted they were "not members in good standing."

30. Only those who are deputized in the Sheriff's Department can perform private paid work details. A work detail is outside income to a JOEASC or Local 3643 member. By removing the plaintiffs from their Deputy Sheriff positions, they are no longer able to work private details and all have lost a significant source of potential income.

31. In addition to suffering a loss of potential income by being decommissioned from their position as Deputy Sheriff, all the plaintiffs have been subjected to additional retaliatory adverse employment decisions and/or actions due to either their union affiliation and/or work on behalf of JOEASC or Local 3643, and/or their support of the defendant's political opponent Stephen J. Murphy.

32. Plaintiff Grennon was transferred from his long-time position in the Training Division on October 4, 2004. On that day, his office in the Training Division was locked and sealed and the hard drive from his computer was removed, and he was then transferred to a less

desirable position as a Line Officer at Nashua Street. This transfer has cost him a substantial loss of money due to the fact that the Training Division had mandatory overtime but the position of a Line Officer in Nashua Street does not.

33. The sole reason for Grennon's transfer was because of his activities as a JOEASC union member and because of his support of Cabral's opponent Stephen J. Murphy. In addition to Grennon's transfer from training to that of a Line Officer, he was removed as the liaison for JOEASC for the Employee Assistance Program. The transfer has amounted to him having a different work schedule i.e., instead of having Saturdays and Sundays off, he now has Friday and Saturday's off.

34. Since his removal from Training, promotions in the Training Department which would have gone to Grennon have gone to other officers.

35. Plaintiff Bergeron was involved in a verbal discussion with defendant Cabral on March 2, 2004 at the Holy Name School parking lot in West Roxbury, MA., in which he raised some issues of concern to JOEASC to the defendant Cabral.

36. Plaintiff Bergeron was also involved in a verbal discussion with defendant Cabral on or about April 2004, shortly after a JOEASC mailing went out to Suffolk County residents and Labor Unions. Cabral addressed all shifts at roll call which were held at the Nashua Street Jail. Bergeron directly questioned Sheriff Cabral, asking if the officers dental plan was being used as bargaining leverage during contract negotiations.

37. On September 14, 2004, while at the Holy Name School parking lot, on primary election day, plaintiff Bergeron held a sign for the defendant's opponent Stephen J. Murphy which was visible to Sheriff Cabral who was campaigning at this location. Since that time

   defendant Cabral has refused to promote Bergeron and decommissioned him from his Deputy Sheriff position because of his union affiliation and support of Cabral's opponent.

38. Plaintiff Barnes, the former President of JOEASC, contributed $125.00 to the Murphy campaign as well held signs for Murphy and conducted phone banks for Murphy.

39. Plaintiff Barnes was instrumental in effectuating the endorsement of Murphy by JOEASC which took place on or about August 2004.

40. In addition, plaintiff Barnes has filed numerous charges of Prohibited Practice with the State Labor Relations Commission on behalf of JOEASC against defendant Cabral, including charges of prohibitive practice for Cabral's failure to continue to provide dental and vision benefits for JOEASC members which she was obligated to provide pursuant to Article XIX, Section 14 of the Collective Bargaining Agreement.

41. Plaintiff Barnes in January 2005 was transferred from his assignment, losing his position as the Property Officer where he had been assigned for 4 ½ years and being transferred to a less desirable position as Line Officer, which has amounted to him having a different work schedule i.e., instead of having weekends off, he now only has every other weekend off.

42. Plaintiff John Ellis, as elected Secretary of JOEASC, gave $500.00 in support of the Murphy campaign and held political signs and participated in phone banks in order to raise money for Murphy.

43. John Ellis lost his Deputy Sheriff position because of his union affiliation in support of Cabral's opponent.

44. Plaintiff Timothy Turley carried campaign signs and worked the phone banks in support of the defendant's opponent Stephen J. Murphy.

45. Turley received a 20 day suspension from the defendant in January of 2004 for which there was no just cause. That matter is currently under appeal to the Civil Service Commission. Turley was successful at his Department of Employment and Training hearing subsequent to the 20 day suspension in which his loss of pay was reinstated.

46. Turley has been subjected to the adverse employment decision by the Sheriff solely because of his union affiliation and support for Murphy's campaign.

47. Plaintiff William Peneau, appointed as JOEASC Grievance Administrator, supported the Murphy campaign and held signs for Murphy.

48. William Peneau lost his Deputy Sheriff position because of his union affiliation in support of Cabral's opponent.

49. Plaintiff Paul Giglio gave money in support of the Murphy campaign, held signs and participated in phone banks in support of the defendant's opponent Stephen J. Murphy.

50. Paul Giglio lost his Deputy Sheriff position because of his union affiliation in support of Cabral's opponent.

51. Plaintiff Eric Dilibero gave money in support of the Murphy campaign, held signs and participated in phone banks in support of the defendant's opponent Stephen J. Murphy.

52. Eric Dilibero was demoted from the rank of Lieutenant to Sergeant and lost his Deputy Sheriff position because of his union affiliation in support of Cabral's opponent.

53. Plaintiff Moscone in January 2003 was transferred from his assignment, shift and days off resulting in him losing his position as Department Head of the Transportation Department.

54. Moscone has been assigned for 6 years to Transportation on the 7-3 shift before being transferred to a less desirable position as a Floor Supervisor on the 3-11 shift, which has amounted to him having a different work schedule i.e., instead of having weekends off, he now only has every other weekend.

55. The transfer of assignment has also caused Moscone to lose his Department Head differential pay.

56. Moscone received a written letter of reprimand on December 13, 2004 for which there was no just cause because he filed a written report against a Cabral supporter on November 13, 2004 for sleeping on a paid private detail. That matter is currently under appeal.

57. Plaintiff Lynch was an Executive Board Member of AFSCME and the Grievance Coordinator of AFSCME, as well as a member of the contract negotiating team for AFSCME for the purpose of negotiating a contract between AFSCME and the Sheriff.

58. Lynch had his days off changed from every other weekend, Friday/Monday to a less desirable schedule of every other weekend, Thursday/Tuesday.

59. All plaintiffs were bypassed for career advancement through recent promotional opportunities because of their protected union activities, support and/or contributions to defendant's political opponent Stephen J. Murphy.

60. All plaintiffs continue to fear reprisals up to and including termination, because of their protected union activities, support and/or contributions to defendant's political opponent Stephen J. Murphy.

## V. CLAIMS FOR RELIEF AND DAMAGES

### COUNT I—POLITICAL RETALIATION

### 42 USC Section 1983

61. The plaintiffs incorporate by reference paragraphs 1-60 as if fully incorporated herein.

62. The actions off the defendant are a violation of the First and Fourteenth Amendments to the United States Constitution for which the plaintiffs suffered lost pay and benefits, and suffered emotional distress, for which they seek compensation.

### COUNT II-- PROTECTED UNION ACTIVITY

### 42 USC Section 1983

63. The plaintiffs incorporate by reference paragraphs 1-62 as if fully incorporated herein.

64. The actions off the defendant are a violation of the First and Fourteenth Amendments to the United States Constitution for which the plaintiffs suffered lost pay and benefits, and suffered emotional distress, for which they seek compensation.

**Wherefore, the Plaintiffs request that this Court order:**

a. that the Defendant compensate Plaintiffs for any loss of wages and/or benefits incurred as a result of their being de-commissioned, transferred or in any way disciplined;

b. that the Plaintiffs be awarded an amount of money which will fairly compensate them for their emotional and physical pain and suffering;

c. that the Plaintiffs be awarded attorney's fees and costs;

d.  that the Defendant Sheriff Cabral be ordered to pay the Plaintiffs punitive damages;

e.  that the Defendant pay the Plaintiffs interest on any judgment entered from the time of filing of this suit;

f.  such relief as may be just and proper and/or which will make the Plaintiff whole.

THE PLAINTIFFS DEMAND A JURY TRIAL ON ALL COUNTS OF THEIR COMPLAINT.

>  Plaintiffs, Bergeron, Grennon, Lynch,
>  Barnes, Ellis, Turley, Moscone, William
>  Peneau, Eric Dilibero and Paul Giglio
>  By their attorney,
>
>  _____
>  Douglas I. Louison BBO# 545191
>  Stephen C. Pfaff BBO# 553057
>  Merrick, Lousion & Costello, LLP
>  67 Batterymarch Street
>  Boston, MA 02110
>  (617) 439-0305

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __David Bergeron, et al v. Andrea Cabral, et al__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
    - [x] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
    - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
    - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
    - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    __Michelman v. Suffolk County    1:05-CV-11577-RGS__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES [ ]   NO [x]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES [ ]   NO [x]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES [x]   NO [ ]

    A. If yes, in which division do all of the non-governmental parties reside?
        Eastern Division [x]   Central Division [ ]   Western Division [ ]

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Stephen C. Pfaff, Esquire, MERRICK, LOUISON & COSTELLO, LLP__
ADDRESS __67 Batterymarch Street, Boston, MA 02110__
TELEPHONE NO. __617-439-0305__

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
David Bergeron, John Grennon, Lorne Lynch, John Barnes, John Ellis, Timothy Turley, Al Moscone, William Peneau, Eric Dilibero,

(b) County of Residence of First Listed Plaintiff: **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Stephen C. Pfaff, Esquire, MERRICK, LOUISON & COSTELLO, LLP, 67 Batterymarch Street, Boston, MA 02110

### DEFENDANTS
Andrea Cabral, Individually and as Sheriff of Suffolk County

County of Residence of First Listed Defendant: **Suffolk**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Section 1983

Brief description of cause:
Political Retaliation, protected Speech

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE STEARNS
DOCKET NUMBER 1:05-CV-11577-RGS

DATE: 5/11/05
SIGNATURE OF ATTORNEY OF RECORD: Stephen C. Pfaff

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____