UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID BERGERON ET AL.,<br>    Plaintiffs<br><br>        v.<br><br>ANDREA CABRAL, INDIVIDUALLY<br>And SHERIFF OF SUFFOLK COUNTY,<br>    Defendant | C. A. No. 05-11661-RGS |

**DEFENDANT ANDREA CABRAL'S, INDIVIDUALLY AND AS SHERIFF OF SUFFOLK COUNTY, ANSWER TO PLAINTIFFS' COMPLAINT**

**I.  INTRODUCTION**

1.     The allegations contained in ¶ 1 are a statement of law to which no responsive pleading is required.  To the extent a response is required Defendant denies the allegations contained in ¶ 1.

2.     The allegations contained in ¶ 2 are a request for relief to which no responsive pleading is required.  To the extent a response is required Defendant denies the allegations contained in ¶ 2.

**II.  JURISDICTION**

3.     The allegation contained in ¶ 3 is a conclusion of law to which no responsive pleading is required.  To the extent a responsive pleading is required Defendant denies the allegations contained in ¶ 3.

**III.  PARTIES**

4.     The Defendant admits that Plaintiff John Grennon has been a member of the Jail Officers and Employees of Suffolk County (hereinafter "JOEASC"), since the date the

Massachusetts Labor Relations Commission certified it as a collective bargaining unit and the exclusive bargaining representative for the Jail Officers employed by Suffolk County at the Nashua Street Jail.  The Defendant further admits the allegations contained in the second sentence of ¶ 4.

5.      The Defendant admits that Plaintiff David Bergeron has been a member of the Jail Officers and Employees of Suffolk County (hereinafter "JOEASC"), since the date the Massachusetts Labor Relations Commission certified it as a collective bargaining unit and the exclusive bargaining representative for the Jail Officers employed by Suffolk County at the Nashua Street Jail.  The Defendant further admits the allegations contained in the second sentence of ¶ 5.

6.      The Defendant admits that Plaintiff John Barnes has been a member of the Jail Officers and Employees of Suffolk County (hereinafter "JOEASC"), since the date the Massachusetts Labor Relations Commission certified it as a collective bargaining unit and the exclusive bargaining representative for the Jail Officers employed by Suffolk County at the Nashua Street Jail.  The Defendant further admits the allegations contained in the second sentence of ¶ 6.

7.      The Defendant admits that Plaintiff John Ellis has been a member of the Jail Officers and Employees of Suffolk County (hereinafter "JOEASC"), since the date the Massachusetts Labor Relations Commission certified it as a collective bargaining unit and the exclusive bargaining representative for the Jail Officers employed by Suffolk County at the Nashua Street Jail.  The Defendant further admits the allegations contained in the second sentence of ¶ 7.

8. The Defendant admits that Plaintiff Timothy Turley has been a member of the Jail Officers and Employees of Suffolk County (hereinafter "JOEASC"), since the date the Massachusetts Labor Relations Commission certified it as a collective bargaining unit and the exclusive bargaining representative for the Jail Officers employed by Suffolk County at the Nashua Street Jail. The Defendant further admits the allegations contained in the second sentence of ¶ 8.

9. The Defendant admits that Plaintiff William Peneau has been a member of the Jail Officers and Employees of Suffolk County (hereinafter "JOEASC"), since the date the Massachusetts Labor Relations Commission certified it as a collective bargaining unit and the exclusive bargaining representative for the Jail Officers employed by Suffolk County at the Nashua Street Jail. The Defendant further admits the allegations contained in the second sentence of ¶ 9.

10. The Defendant admits that Plaintiff Paul Giglio has been a member of the Jail Officers and Employees of Suffolk County (hereinafter "JOEASC"), since the Massachusetts Labor Relations Commission has certified it as a collective bargaining unit and the exclusive bargaining representative for the Jail Officers employed by Suffolk County at the Nashua Street Jail. The Defendant further admits the allegations contained in the second sentence of ¶ 10.

11. The Defendant has insufficient information to admit or deny the allegations contained in ¶ 11.

12. Defendant admits that Plaintiff Lorne Lynch is a member of the American Federation of State, County and Municipal Employees ("AFSCME") Local 3643 (hereinafter "Local 3643"), a collective bargaining unit certified by the Massachusetts

Labor Relations Commission as the exclusive bargaining representative for the officers in the grades of JO –4 (Lieutenant) and JO –5 (Captain) employed by Suffolk County at the Nashua Street Jail. Defendant further admits the allegations contained in the second sentence of ¶ 12.

13.     Defendant admits that Plaintiff Al Moscone is a member of the American Federation of State, County and Municipal Employees ("AFSCME") Local 3643 (hereinafter "Local 3643"), a collective bargaining unit certified by the Massachusetts Labor Relations Commission as the exclusive bargaining representative for the officers in the grades of JO –4 (Lieutenant) and JO –5 (Captain) employed by Suffolk County at the Nashua Street Jail. Defendant further admits the allegations contained in the second sentence of ¶ 13.

14.     The Defendant admits that Defendant Cabral was appointed to the office of Sheriff of Suffolk County in November 2002 and elected to that office in November 2004, with an address of 20 Bradston Street, Boston, MA 02118.

## IV.  FACTS

15.     Admitted.

16.     Admitted.  Defendant further answers that Plaintiff Grennon no longer holds that position and did not hold that position at the time that his Deputy Sheriff status was revoked.

17.     Admitted.  Defendant further answers that Plaintiff Bergeron no longer holds that position and did not hold that position at the time that his Deputy Sheriff status was revoked.

18.	Admitted. Defendant further answers that Plaintiff Barnes no longer holds that position and did not hold that position at the time that his Deputy Sheriff status was revoked.

19.	Admitted. Defendant further answers that Plaintiff Ellis no longer holds that position and did not hold that position at the time that his Deputy Sheriff status was revoked.

20.	Admitted. Defendant further answers that Plaintiff Turley no longer holds that position and did not hold that position at the time that his Deputy Sheriff status was revoked.

21.	Admitted. Defendant further answers that Plaintiff Peneau no longer holds that position and did not hold that position at the time that his Deputy Sheriff status was revoked.

22.	The Defendant has insufficient information to admit or deny the allegations contained in ¶ 22.

23.	The Defendant admits that Plaintiff Lynch was an Executive Board Member of AFSCME, Council 93, Local 3643 ("Local 3643"). The Defendant has insufficient information to admit or deny the remaining allegations contained in ¶ 23.

24.	The Defendant admits that Plaintiff Moscone is currently the President of AFSCME, Council 93, Local 3643. The Defendant has insufficient information to admit or deny the remaining allegations contained in ¶ 24.

25.	The Defendant has insufficient information to admit or deny the allegations contained in ¶ 25.

26. The Defendant admits that those employees whose Deputy Sheriff privileges were being revoked, including the Plaintiffs, were notified of that action by letter dated April 21, 2005. The Defendant denies the remaining allegations contained in the first sentence of ¶ 26. The Defendant admits that in January 2003, after being sworn in as Suffolk County Sheriff in November 2002, she reappointed all employees, including the Plaintiffs, who had previously been appointed as Deputy Sheriffs by prior Suffolk County Sheriff Richard Rouse without having had an opportunity to review their qualifications.

27. Denied.

28. The Defendant has insufficient information to admit or deny the allegations contained in ¶ 28.

29. Denied.

30. The Defendant admits the allegations contained in the first two sentences of ¶ 30. The Defendant has insufficient information to admit or deny the allegations contained in ¶ 30.

31. Denied.

32. The Defendant admits that Plaintiff Grennon was transferred from his assignment to the Training Division on or about October 4, 2004. The Defendant denies the allegations contained in the second sentence of ¶ 32. The Defendant has insufficient information to admit or deny the remaining allegations contained in ¶ 32.

33. The Defendant denies the allegations contained in the first sentence of ¶ 33. The Defendant has insufficient information to admit or deny the remaining allegations contained in ¶ 33.

34. Denied.

35.     The Defendant admits that on March 2, 2004 at the Holy Name School parking lot in West Roxbury she had a lengthy conversation with Plaintiff Bergeron at his request concerning a number of issues. The Defendant denies the remaining allegations contained in ¶ 35.

36.     The Defendant admits that Plaintiff Bergeron was present during her address to shift roll calls at the Nashua Street Jail on or about April 2004. The Defendant further admits that Plaintiff Bergeron asked a question of the Defendant to which she responded. The Defendant has insufficient information to admit or deny the remaining allegations contained in ¶ 36.

37.     The Defendant admits that Plaintiff Bergeron held a sign for Stephen J. Murphy on primary day, September 14, 2005, at the Holy Name School parking lot in West Roxbury. The Defendant denies the remaining allegations contained in ¶ 37.

38.     The Defendant has insufficient information to admit or deny the allegations contained in ¶ 38.

39.     The Defendant has insufficient information to admit or deny the allegations contained in ¶ 39.

40.     The Defendant admits that JOEASC has filed charges with the State Labor Relations Commission against Defendant Suffolk County Sheriff Cabral, including charges of prohibitive practice for Sheriff Cabral's decision not to extend dental and vision benefits to JOEASC members after they decertified from AFSCME, Council 93, Local 1134. The State Labor Relations Commission dismissed that charge on June 28, 2005.

41. The Defendant admits that in January 2005 Plaintiff Barnes was transferred from his assignment as the Property Officer to the position of Line Officer and that as a result his days off changed. The Defendant denies the remaining allegations contained in ¶ 41.

42. The Defendant has insufficient information to admit or deny the allegations contained in ¶ 42.

43. Denied.

44. The Defendant has insufficient information to admit or deny the allegations contained in ¶ 44.

45. The Defendant admits that Plaintiff Turley received a 20-day suspension in or about January 2004 but denies that there was no just cause for the suspension. The Defendant has insufficient information to admit or deny the remaining allegations contained in  ¶ 45.

46. Denied.

47. The Defendant has insufficient information to admit or deny the allegations contained in ¶ 47.

48. Denied.

49. The Defendant has insufficient information to admit or deny the allegations contained in ¶ 49.

50. Denied.

51. The Defendant has insufficient information to admit or deny the allegations contained in ¶ 51.

52. Denied.

53.     The Defendant admits that in January 2005 Plaintiff Moscone was transferred from his assignment as Transportation Supervisor. The Defendant denies the remaining allegations contained in ¶ 53.

54.     The Defendant admits that Plaintiff Moscone had been assigned to Transportation on the 7 – 3 shift for six years prior to being transferred. The Defendant further admits that upon Plaintiff Moscone's transfer from Transportation to the position of Floor Supervisor on the 3 – 11 shift his days off changed from every weekend off to every other weekend, Friday/Monday off.

55.     The Defendant has insufficient information to admit or deny the allegations contained in ¶ 55.

56.     The Defendant admits that Plaintiff Moscone received a written reprimand on December 13, 2004 but denies that it was issued without just cause. The Defendant admits that Plaintiff Moscone has filed a grievance on the written reprimand that he received on December 13, 2004 concerning an incident that occurred on November 13, 2004.

57.     The Defendant admits that Plaintiff Lynch was an Executive Board Member of AFSCME, Council 93, Local 3643 ("Local 3643"). The Defendant has insufficient information to admit or deny the remaining allegations contained in ¶ 57.

58.     The Defendant admits that Plaintiff Lynch, a supervisor on the 3 – 11 shift, had his days off changed from every other weekend, Friday/Monday to every other weekend, Thursday/Tuesday. The Defendant denies the remaining allegations contained in ¶ 58.

59.     Denied.

60.     Denied.

## V.     CLAIMS FOR RELIEF AND DAMAGES

### COUNT I – POLITICAL RETALIATION

### 42 U.S.C. § 1983

61.  The Defendant repeats and incorporates the responses to the Plaintiffs' allegations contained in ¶¶ 1 through 60 of their complaint.

62.  Denied.

### COUNT II – PROTECTED ACTIVITY

### 42 U.S.C. § 1983

63.  The Defendant repeats and incorporates the responses to the Plaintiffs' allegations contained in ¶¶ 1 through 62 of their complaint.

64.  Denied.

### AFFIRMATIVE DEFENSES

1.  The Plaintiffs' complaint fails to state a claim for which relief may be granted and therefore the complaint should be dismissed pursuant to Fed. R. Civ. P. 12 (b) (6).
2.  Defendant Sheriff Cabral is entitled to qualified immunity and therefore not liable under 42 U.S.C. § 1983.
3.  The Plaintiffs have failed to exhaust administrative remedies prior to filing the instant complaint.
4.  The Plaintiffs have failed to mitigate their damages, if any.
5.  The Plaintiffs' claims for punitive damages are in violation of the provisions of the United States Constitution and the statutes and the Constitution of the Commonwealth of Massachusetts, and therefore the Plaintiffs are not entitled to recover punitive damages.
6.  The Plaintiffs are estopped from recovering any judgment against the Defendant by their conduct and actions.
7.  The Plaintiffs' claims are barred by the statute of limitations.
8.  Defendant Cabral was at all times relevant to the Plaintiffs' complaint acting with

      official discretion with an objectively reasonable belief that her actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known.

9.   M.G.L. c. 37, § 3 vests the Sheriff with exclusive authority to appoint Deputy Sheriffs.

10.   There was no retaliatory or discriminatory conduct taken by Defendant Cabral.

11.   The Defendant hereby gives notice that it intends to rely upon such other and further defense as may become available or apparent during discovery proceedings in this action and hereby reserves the right to amend its answer and to assert any such defenses by appropriate motion.

### Jury Demand

The Defendant hereby demands a trial by jury on all claims so triable.

                              Respectfully submitted for
                              Defendant Suffolk County Sheriff
                              Andrea J. Cabral
                              By her attorney,

                              /s/ Ellen M. Caulo
                              Ellen M. Caulo, BBO #545250
                              Deputy General Counsel
                              Suffolk County Sheriff's Department
                              200 Nashua Street
                              Boston, MA 02114
                              (617) 961- 6681

Date:  October 3, 2005

Case 1:05-cv-11661-RGS    Document 4    Filed 10/03/2005    Page 12 of 12