UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                        )
DAVID BERGERON ET AL.,                  )
        Plaintiffs                      )
                                        )
        v.                              )
                                        )        C. A. No. 05-11661-RGS
ANDREA CABRAL, INDIVIDUALLY             )
And SHERIFF OF SUFFOLK COUNTY,          )
        Defendant                       )
_____)

## DEFENDANT'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

Defendant Andrea Cabral, Individually and as Sheriff of Suffolk County, hereby

moves pursuant to Fed.R. Civ. P. 37 (a) (3) & (4) to compel the Plaintiffs to produce

documents responsive to the Defendant's First Request for Production of Documents.

This is an action brought pursuant to 42 U.S.C. § 1983 alleging retaliation based upon

political affiliation and union activity.  The Plaintiffs are all jail officers at the Nashua

Street Jail who allege that Sheriff Cabral decommissioned them as Deputy Sheriffs and

took other adverse employment action against them in retaliation for their union activity

and support for her political opponent.  In their Compliant, Plaintiffs contend that they

have suffered economic damages and physical and emotional pain and suffering.

Defendant Cabral maintains that the decommissioning and other employment action

taken was a lawful exercise of her authority pursuant to M.G.L. c. 37, § 3 as Sheriff and

consistent with Department policy, and was not retaliatory.

The Plaintiffs' complaint was filed on August 11, 2005.  After a scheduling

conference the Court issued a Scheduling Order on December 1, 2005, which called for

the completion of discovery by August 31, 2006. Given the complex issues and number of plaintiffs[1] involved in the litigation, the parties sought and were granted a 120-day extension to complete discovery. Accordingly, the discovery deadline was extended to January 31, 2007. As will be demonstrated below, the Plaintiffs' dilatory response to discovery has severely compromised the Defendant's ability to complete discovery by that deadline. At least six depositions have been suspended because the Plaintiffs have failed to produce discovery that was sought over seven months ago. Once the documents are received and reviewed, additional discovery may be needed. Although counsel for the Defendant has attempted to handle this impasse informally, it may be necessary to request a further extension of time to complete discovery.

More than seven months ago, Defendant Cabral served a Request for Production of Documents on the Plaintiffs, seeking documents regarding the allegations in the complaint and the Plaintiffs' claims for economic, emotional and physical damages. (Exhibit 1 contains Defendant's First Request for Production of Documents and Plaintiffs' Response). Through the deposition process the Defendant has discovered that the Plaintiffs' response to the request for production of documents was incomplete and wholly inadequate. Although Plaintiffs' counsel has been repeatedly put on notice that their initial response was deficient and that there exist specific responsive documents in the Plaintiffs' care, custody and control, they have failed to produce said documents or supplement their initial response.[2] Plaintiffs' failure to comply with their discovery

---

[1] There are ten plaintiffs.

[2] On January 8, 2007 Plaintiffs' counsel did produce mental health treatment records for Plaintiff David Bergeron. These records are clearly responsive to Request Nos. 10 & 11 of Defendant's First Request for the Production of Documents, which were served on May 18, 2006. In their response, Plaintiffs' counsel stated that Plaintiffs had no such documents in their care, custody or control. Defendant first became aware of the existence of these records during Plaintiff Bergeron 's deposition on October 9, 2006. A verbal request was made for the records during the deposition, which was followed by a written request on

obligations has necessitated the expenditure of considerable time and effort to obtain documents that are unquestionably discoverable.  Accordingly, Defendant Cabral requests that this Court issue an order compelling Plaintiffs to produce all outstanding discovery by January 22, 2007 and to pay costs.

Document Request No. 9 requested copies of plaintiffs' federal and state tax returns for the last five years.  Plaintiffs promised to supplement this response by producing the records.   Despite repeated written and verbal requests, to date tax returns for only four of the ten plaintiffs have been produced.  (see Affidavit of Ellen M. Caulo attached as Exhibit 2; correspondence dated: October 5, 2006; December 5, 8 & 14, 2006; and January 8, 2007 attached as Exhibit 3).   Depositions of at least six plaintiffs have had to be suspended due to this dilatory response.  Indeed, Plaintiff Timothy Turley[3] testified in his deposition that he had not even been asked to produce his tax returns,

> Q:     Did you produce your tax records, Corporal?
>
> A:     No.
>
> Q:     …Has anybody ever asked you for your tax records, Corporal?
>
> A:     **No.**  Barnes and Grennon mentioned they had to produce theirs, **but nobody specifically asked me for mine**.

(Deposition of Plaintiff Timothy Turley, pg. 167, lines 8-20 attached as Exhibit 4),

---

October 14, 2006.  Although the records appear to have been printed on October 31, 2006, they were not produced until January 8, 2007, within three weeks of the discovery deadline and almost eight months after requested.

[3] Plaintiff Turley was deposed on January 9, 2007.  His deposition was originally noticed for November 17, 2006 but was rescheduled twice at the request of Plaintiffs' counsel.  (Exhibit 2, Affidavit of Ellen M. Caulo).

while Plaintiff Erik Dilibero admitted that he had not turned his tax returns over to his counsel.  (Deposition of Erik Dilibero pg. 67, lines 18-24; pg. 68, lines 1-5, attached as Exhibit 5).

Document Request No. 10 requested documents, records, or reports supporting Plaintiffs' claims for emotional distress.  Similarly, Document Request No. 11 requested "any and all records of any medical treatment, counseling or psychological treatment undertaken by the plaintiffs as a result of the allegations contained in the plaintiffs' complaint".  The Plaintiffs' response to both of these requests was identical: "the plaintiffs have no such documents in their care, custody or control."  (Exhibit 1)  Plaintiff Bergeron was deposed on October 4, 2006.  During his deposition, Bergeron testified that the revocation of his Deputy Sheriff status had impacted the issues for which he was already seeking mental health treatment and that he discussed this litigation during the course of that mental health treatment.  (Deposition of David Bergeron, pg. 145, lines 11-24, pg. 146, lines 5-14, attached as Exhibit 6).  Defendant made a formal request for those records by letter dated October 5, 2006. (correspondence dated October 5, 2006, Exhibit 3).  The records were not produced until Monday January 8, 2007, although there is a notation on the records indicating that they were printed on October 31, 2006.  (See Affidavit of Ellen M. Caulo, Ex. 2).

Similarly, Plaintiff Paul Giglio was deposed on December 13, 2006.  During his deposition, Giglio testified to physical symptoms of stress that he alleged were related to his decommissioning and that he was being treated for those symptoms by a medical doctor.  (Deposition of Paul Giglio, pg. 113, lines 6-20, attached as Exhibit 7). A formal request was made for these records by letter dated December 14, 2006. (correspondence

dated December 14, 2006, Exhibit 3).  To date no records have been produced.  (Exhibit 2, Affidavit of Ellen M. Caulo).

Plaintiff Dilibero was also deposed on December 13, 2006.  During his deposition, Dilibero testified to the stress that the decommissioning has placed on his marriage and that he and his wife were involved in marriage counseling.  (Dilibero Deposition, pg. 125, lines 7-20).  By letter dated December 14, 2006 Defendant made a formal request for Dilibero's marriage counseling records. (correspondence dated December 14, 2006, Exhibit 3).  To date the records have not been produced.  (Exhibit 2, Affidavit of Ellen M. Caulo).

Document Request No. 3 requested "any and all documents, records, reports, memoranda, correspondence or email concerning the allegations in the complaint."  In response, Plaintiffs provided a few documents, most of which were already in the possession of the Defendant.  Plaintiff Albert Moscone was deposed on September 27, 2006.  During his deposition, Moscone testified that he had a list of individuals, including employees of the Suffolk County Sheriff's Department, who attended a fundraiser that he hosted for the Defendant's political opponent, Stephen Murphy.  Additionally, he testified that he had calendars that reflected the details he worked as a Deputy Sheriff, prior to being decommissioned.  (Deposition of Albert Moscone, pg. 106, lines 17-24; pg. 96, lines 20-24; pg. 97, lines 1-4, attached as Exhibit 8).  Plaintiff Lorne Lynch[4] testified in his deposition that he too had calendars indicating details worked as a Deputy Sheriff prior to his decommissioning.  (Deposition of Lorne Lynch, pg. 169, lines 4-11; pg, 171, lines 4-7, attached as Exhibit 9).  These documents are clearly responsive to Request No. 3 and obviously relevant to a lawsuit alleging retaliation based upon political affiliation

---

[4] Lynch was deposed on October 6 and November 2, 2006.

and demanding damages in the form of lost wages.  However, despite repeated requests,

these documents have not been produced.  (see Affidavit of Ellen M. Caulo attached as

Exhibit 2; correspondence dated: October 5, 2006; December 5, 8 & 14, 2006; and

January 8, 2007 attached as Exhibit 3).

Moreover, during the deposition of Plaintiff Timothy Turley it became evident

that there were numerous other responsive documents in the care, custody and control of

the plaintiffs that had not been produced.  Specifically, Plaintiff Turley testified that he

had notes and an e-mail file regarding the incidents that form the basis for the instant

lawsuit.  He further testified that he had not been asked to produce any responsive

documents.

> Q;    …What notes do you have pertaining to the incidents
>       that form the basis for this lawsuit that involved you?
>
> A:    Physical notes would be contained, written notes would
>       be in the George McCallum file and another file that
>       resulted in my discipline.  I have those at home.  I
>       have an e-mail file that has several communications
>       with counsel and some other union officials titled
>       'Lawsuit."  There is numerous electronic files in there.
>       Not all of them pertain.
>
> Q:    That is something that you and your counsel can review.
>       There is an outstanding discovery request that was filed
>       in May, and I don't have that in front of me, but my sense
>       is that some of the documents that you are talking about
>       now are responsive to that.  Has a request been made
>       directly to you too turn over any documents?
>
> A:    Not directly.
>
> Q:    Indirectly?
>
> A:    Some of the other people, parties to this suit told me that
>       some documents wire requested, but **nothing specifically
>       of me has been requested other than my appearance,
>       of course, today.**

(Turley Deposition, pg. 11, lines 2-24; pg. 12, lines 1-12, Exhibit 4).  A request was made

on the record to produce responsive documents. (Turley Deposition, pg. 12, lines 13-23,

Exhibit 4).  To date no documents have been produced. (Exhibit 2, Affidavit of Ellen M.

Caulo).

WHEREFORE, Defendant requests that this Court order Plaintiffs' counsel to

inquire of each Plaintiff whether they have documents responsive to Defendant's

document production request.  Plaintiffs should thereafter be ordered to conduct a search

for all responsive documents and produce all responsive documents by January 22, 2007.

Further the Court should order that Plaintiffs pay costs incurred by Defendant in pursuing

the discovery and filing the instant Motion.


Respectfully submitted,
For the Defendant,
By her Attorney

/s/ Ellen M. Caulo
Ellen M. Caulo, B.B.O. #545250
Deputy General Counsel
Suffolk County Sheriff's Department
200 Nashua Street
Boston, MA  02114
(617) 961-6681

Date: January 12, 2007


Local Rule 7.1 Certification

I certify that I have consulted with counsel for the Plaintiffs in an effort to
Resolve the issues contained within this motion.


/s/ Ellen M. Caulo
Ellen M. Caulo

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                          )
DAVID BERGERON ET AL.,                    )
        Plaintiffs                        )
                                          )
        v.                                )
                                          )        C. A. No. 05-11661-RGS
ANDREA CABRAL, INDIVIDUALLY               )
And SHERIFF OF SUFFOLK COUNTY,            )
        Defendant                         )
_____)

## DEFENDANT ANDREA CABRAL'S, INDIVIDUALLY AND AS SHERIFF OF SUFFOLK COUNTY FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Andrea Cabral hereby requests that the Plaintiffs produce for inspection and copying documents and/or tangible items (collectively "documents"), requested herein, which are in their possession, custody or control.

The Defendant adopts and incorporates the Uniform Definitions for Discovery Requests as set forth in L.R. 26.5.  If an objection is made to any request herein, for each item or category objected to:

     a.     State the specific grounds for each objection;

     b.     A summary of all facts and circumstances upon which such claim is based;

     c.     Identify each such document by giving its date, the name of each author and each address, or, if different, the address of each addressee (and each recipient, if different), and by giving any other information necessary to identify such document or part thereof; and

     d.     Provide a description of the subject matter of each document or item.

## REQUESTS

1.     Any and all documents, reports, records, memoranda, email or correspondence containing statements made by the Plaintiffs regarding the allegations made in the

1

Complaint.

2.     Any and all documents, records, reports, memoranda, email or correspondence containing statements made by any witness or person who may have knowledge of the allegations in the Complaint.

3.     Any and all documents, records, reports, memoranda, correspondence, or email concerning the allegations in the Complaint.

4.     Any and all documents, records, or reports relating to, commenting on or concerning any damages and expenses sustained or incurred by the Plaintiffs as a result of the events or occurrences alleged in the Plaintiffs' Complaint.

5.     Any and all documents of any kind that the Plaintiffs intend to offer as evidence at trial.

6.     Any and all documents, reports, records, email, memoranda, notices, or other correspondence concerning any of the allegations in the Plaintiffs' Complaint between any of the Plaintiffs, their agents, servants, employees, or other officer of the Plaintiffs and the Defendant, her agents, or employees.

7.     Any and all documents, memoranda, records, emails, reports or other correspondence between any of the Plaintiffs and the Defendant, Elizabeth Keeley, Michael Harris, Viktor Theiss, Eugene Sumpter, Cliff Carney, or Martin Michelman.

8.     Any and all financial records, reports, bills, invoices, receipts or other documents concerning losses or expenses incurred by the Plaintiffs as a result of the allegations in the Complaint.

9.     True and complete copies of the Plaintiffs' state and federal income tax records, including W-2 forms and any other forms, schedules or attachments filed with the Internal Revenue Service and the Massachusetts Department of Revenue for the last five years up to and including the present date.

10.    Any and all documents, records, or reports supporting the Plaintiffs' claims for emotional distress.

11.    Any and all records of any medical treatment, counseling or psychological treatment undertaken by the Plaintiffs as a result of the allegations contained in the Plaintiffs' Complaint.

12.     Any and all correspondence, memoranda, or emails between any of the Plaintiffs and any employee of the Suffolk County Sheriff's Department concerning the allegations contained in the Plaintiffs' Complaint.

13.     Any and all documents, records, reports, correspondence, memoranda or email between any of the Plaintiffs and the Training Staff of the Suffolk County Sheriffs' Department between December 1, 2002 and April 21, 2005.

14.     Any and all documents, records, reports, memoranda, email or correspondence concerning and/or demonstrating the Defendant's knowledge of the Plaintiffs' political activities and/or support for and contributions to the campaign of the Defendant's political opponent(s) in the 2004 campaign for Suffolk County Sheriff.

15.     Any and all documents, records, reports, memoranda, email or correspondence concerning and/or demonstrating any retaliatory adverse employment action taken by the Defendant against any of the Plaintiffs.

16.     Any and all documents, records, reports, correspondence, memoranda or emails concerning Plaintiff Grennon's removal as liaison for JOEASC for the Employee Assistance Program.

17.     Any and all documents, records, reports, correspondence, memoranda or emails concerning the interactions between Plaintiff Bergeron and the Defendant as set forth in ¶¶ 35-37 of the Plaintiffs' Complaint.

18.     Any and all documents, records, reports, memoranda, email or correspondence concerning the transfer of Plaintiff Moscone from Transportation.

19.     Any and all documents, records, reports, memoranda, correspondence, or email concerning the allegations contained in ¶ 59 of the Complaint.

20.     Any and all documents, records, reports, memoranda, correspondence, or email concerning the allegations contained in ¶ 60 of the Complaint.

Respectfully submitted
ANDREA CABRAL, SUFFOLK COUNTY
SHERIFF

By her Attorney,

_____
Ellen M. Caulo
Deputy General Counsel
BBO #545250
Suffolk County Sheriff's Department
200 Nashua Street
Boston, MA 02114
(617) 961-6681

Date:   May 18, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-11661-RGS

DAVID BERGERON, JOHN GRENNON,
LORNE LYNCH, JOHN BARNES,
JOHN ELLIS, TIMOTHY TURLEY,
AL MOSCONE, WILLIAM PENEAU,
ERIC DILIBERO and PAUL GIGLIO,
    Plaintiffs,

V.

ANDREA CABRAL, INDIVIDUALLY and
as SHERIFF OF SUFFOLK COUNTY,
    Defendant.

### PLAINTIFFS' RESPONSE TO DEFENDANT ANDREA CABRAL'S REQUEST FOR PRODUCTION OF DOCUMENTS

The plaintiffs recognize their duty to continue a do an diligent examination of their records in order to respond to defendant's discoverable requests.

<u>Request No. 1</u>

Any and all documents, reports, records, memoranda, email or correspondence containing statements made by the plaintiff's regarding the allegations made in the complaint.

<u>Response No. 1</u>

Please see attached documents marked as Exhibit A.

<u>Request No. 2</u>

Any and all documents, records, reports, memoranda, email or correspondence containing statements made by any witness or person who may have knowledge of the allegations in the complaint.

**Response No. 2**

Please see attached documents marked as Exhibit B.

**Request No. 3**

Any and all documents, records, reports, memoranda, correspondence or email concerning the allegations in the complaint.

**Response No. 3**

Objection. Without waiving said objection, please see attached documents marked as Exhibits A and B.

**Request No. 4**

Any and all documents, records, or reports relating to, commenting on or concerning any damages and expenses sustained or incurred by the plaintiffs as a result of the events or occurrences alleged in the plaintiff's complaint.

**Response No. 4**

Please refer to plaintiff's response to Request No. 9.

**Request No. 5**

Any and all documents of any kind that the plaintiffs intend to offer as evidence at trial.

**Response No. 5**

Objection. The plaintiffs have not yet made a determination as to the documents they expect to use at trial.

**Request No. 6**

Any and all documents, reports, records, email, memoranda, notices, or other correspondence concerning any of the allegations in the plaintiffs' complaint between any of the plaintiffs, their

agents, servants, employees, or other officer of the plaintiffs and defendant, her agents, or

employees.

**Response No. 6**

Please see attached documents marked as Exhibit A.

**Request No. 7**

Any and all documents, memoranda, records, emails, reports or other correspondence between

any of the plaintiffs and the defendant, Elizabeth Keeley, Michael Harris, Viktor Theiss, Eugene

Sumpter, Cliff Carney or Martin Michelman.

**Response No. 7**

Objection.  Plaintiffs object to this request as being overly broad and unduly burdensome and

not confined to a specific period of time.  Without waiving said objection, any such documents

would be in the possession of the defendant and/or her agents.

**Request No. 8**

Any and all financial records, reports, bills, invoices, receipts or other documents concerning

losses or expenses incurred by the plaintiffs as a result of the allegations in the complaint.

**Response No. 8**

Please refer to plaintiff's response to Request No. 9.

**Request No. 9**

True and complete copies of the plaintiffs' state and federal income tax records, including W-2

forms and any other forms, schedules or attachments filed with Internal Revenue Service and

the Massachusetts Department of Revenue for the last five years up to an including the present

date.

Response No. 9

The plaintiffs will supplement this response.

Request No. 10

Any and all documents, records, or reports supporting the plaintiffs' claims for emotional

distress.

Response No. 10

The plaintiffs have no such documents in their care, custody or control.

Request No. 11

Any and all records of any medical treatment, counseling or psychological treatment undertaken

by the plaintiffs as a result of the allegations contained in the plaintiffs' complaint.

Response No. 11

The plaintiffs have no such documents in their care, custody or control.

Request No. 12

Any and all correspondence, memoranda, or emails between any of the plaintiffs and any employee

of the Suffolk County Sheriff's Department concerning the allegations contained in the plaintiffs'

complaint.

Response No. 12

Please see attached documents marked as Exhibits A and B.

Request No. 13

Any and all documents, records, reports, correspondence, memoranda or email between any of

the plaintiffs and the Training Staff of the Suffolk County Sheriffs' Department between

December 1, 2002 and April 21, 2005.

Response No. 13

Objection. The plaintiffs object to this request as being unduly broad and overly burdensome. Without waving said objection, the plaintiffs respond that any such emails would be in the possession of the defendant and/or her agents and employees.

Request No. 14

Any and all documents, records, reports, memoranda, email or correspondence concerning and/or demonstrating the defendant's knowledge of the plaintiffs' political activities and/or support for and contributions to the campaign of the defendant's political opponent(s) in the 2004 campaign for Suffolk County Sheriff.

Response No. 14

The plaintiffs have no such documents in their care, custody or control.

Request No. 15

Any and all documents, records, reports, memoranda, email or correspondence concerning and/or demonstrating any retaliatory adverse employment action taken by the defendant against any of the plaintiffs.

Response No. 15

Please see attached documents marked as Exhibit B. In addition, any and all paperwork concerning the transfer of the plaintiffs from their job position and/or shift position would be in the possession of the defendant.

Request No. 16

Any and all documents, records, reports, correspondence, memoranda or emails concerning plaintiff Grennon's removal as liaison for JOEASC for the Employee Assistance Program.

<u>Response No. 16</u>

The plaintiffs have no such documents in their care, custody or control. Any paperwork removing John Grennon from his position as liaison to the Employee Assistance Program would be in the possession of the defendant and/or her agents.

<u>Request No. 17</u>

Any and all documents, records, reports, correspondence, memoranda or emails concerning the interactions between plaintiff Bergeron and the defendant as set forth in ¶¶ 35-37 of the plaintiffs' complaint.

<u>Response No. 17</u>

The plaintiffs have no such documents in their care, custody or control.

<u>Request No. 18</u>

Any and all documents, records, reports, memoranda, email or correspondence concerning the transfer of plaintiff Moscone from Transportation.

<u>Response No. 18</u>

The plaintiffs have no such documents in their care, custody or control. Said documents would be in the possession of the defendant.

<u>Request No. 19</u>

Any and all documents, records, reports, memoranda, correspondence or email concerning the allegations contained in ¶ 59 of the complaint.

<u>Response No. 19</u>

The plaintiffs have no such documents in their care, custody or control.

**Request No. 20**

Any and all documents, records, reports, memoranda, correspondence or email concerning the

allegations contained in ¶ 60 of the complaint.

**Response No. 20**

The plaintiffs have no such documents in their care, custody or control.

> Plaintiffs, Bergeron, Grennon, Lynch, Barnes,
> Ellis, Turley and Moscone,
> By their attorney,
>
> *[signature]*
> Douglas I. Louison BBO# 545191
> Stephen C. Pfaff BBO# 553057
> Merrick, Lousion & Costello, LLP
> 67 Batterymarch Street
> Boston, MA 02110
> (617) 439-0305

## CERTIFICATE OF SERVICE

I, Stephen C. Pfaff, hereby certify that on the 31st day of May, 2006, I served the foregoing by causing a copy to be mailed, postage prepaid, directed to Ellen Caulo, Esquire Deputy General Counsel, Suffolk County Sheriff's Department, 200 Nashua Street, Boston, MA 02114

*[signature]*
Stephen C. Pfaff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                        )
DAVID BERGERON ET AL.,                  )
          Plaintiffs                    )
                                        )
          v.                            )
                                        )          C. A. No. 05-11661-RGS
ANDREA CABRAL, INDIVIDUALLY             )
And SHERIFF OF SUFFOLK COUNTY,          )
          Defendant                     )
_____ )

## AFFIDAVIT OF ELLEN M. CAULO

I, Ellen M. Caulo, being duly sworn, do hereby depose and state:

1.      I am Deputy General Counsel for the Suffolk County Sheriff's Department.

2.      I am the attorney of record in the matter of Bergeron et al., v. Andrea Cabral, C.A.
        No. 05-11661-RGS currently pending in the Federal District Court.

3.      I am an attorney in good standing in the Commonwealth of Massachusetts and the
        District of Massachusetts.  I have been practicing law for over twenty years.

4.      On May 18, 2006 I served a Request for Production of Documents on counsel
        for the Plaintiffs, Stephen C. Pfaff, Esq.  The documents marked as Exhibit 1 are
        an accurate copy of the Defendant's Request for Production of Documents and the
        Plaintiffs' response.

5.      Although Plaintiffs' counsel represented that he would supplement his discovery
        response with the Plaintiffs' tax returns, to date the tax returns for only four
        Plaintiffs have been produced.

6.      I have attempted to resolve this impasse informally through written and
        telephonic communication.  The documents marked as Exhibit 3 are accurate
        copies of six letters sent to Attorney Pfaff (October 5 & 20; December 5, 8 & 14,
        2006; January 8, 2007) concerning the issue of the tax returns as well as other
        outstanding discovery.

7.      During the process of deposing the individual Plaintiffs it became clear that there
        were other responsive documents in the care, custody or control of the Plaintiffs
        that had not been produced or even requested by Plaintiffs' counsel.

8.      I also attempted to resolve this informally by communicating with Plaintiffs'
counsel through letters and phone calls in an effort to obtain the discovery.  The
documents marked as Exhibit 3 are accurate copies of letter sent to Plaintiffs'
counsel seeking the production of outstanding discovery.

9.      In addition to the letters marked as Exhibit 3 I have also spoken directly with
Attorney Pfaff on numerous occasions and left a number of messages in an effort
obtain the outstanding discovery.

10.     On January 8, 2006 I faxed and mailed a letter to Attorney Pfaff, setting forth
once again and in detail the outstanding discovery issues.  I informed him that if
the discovery was not received by noon on Friday January 12, 2007, I would file a
Motion to Compel.

11.     As of noon on Friday January 12, 2007, the discovery had not been received.

12.     By conservative estimate I have spent seven hours reviewing Plaintiffs' discovery
responses and deposition transcripts, writing letters to and communicating with
Attorney Pfaff, and preparing this Motion to Compel.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY**

/s/ Ellen M. Caulo
Ellen M. Caulo

Date: January 12, 2007



## Suffolk County Sheriff's Department



**ANDREA J. CABRAL**
SHERIFF

Jail
200 Nashua Street
Boston, MA 02114
(617) 635-1100

House of Correction
20 Bradston Street
Boston, MA 02118
(617) 635-1000

October 5, 2006

Stephen C. Pfaff, Esq.
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110

RE:    <u>Bergeron et al., v. Andrea Cabral, individually and as Sheriff of Suffolk County</u>
       <u>USDC Civil Action No. 05-11661-RGS</u>

Dear Attorney Pfaff:

During his deposition yesterday, Mr. Bergeron testified that the revocation of his Deputy
Sheriff status has had some impact on the issues for which he was already seeking mental
health treatment and that he has discussed this litigation during the course of that mental
health treatment. These records are clearly responsive to Defendant's First Request for
Production of Documents and I ask that you produce them immediately. Further, based
upon my review of these records and any need for further questioning of Mr. Bergeron
concerning what is contained therein, I may seek to reopen his deposition. I trust that you
will have no objection to that request as the existence of these records should have been
disclosed and the records themselves produced prior to the deposition.

Similarly, during Mr. Moscone's deposition he testified that he might have calendars
documenting the details he has worked prior to his decommissioning in April 2005.
These documents are clearly responsive to the Defendant's First Request for Production
of Documents and I ask that you produce them immediately. Mr. Moscone's deposition
was suspended, not concluded, because his tax records were not produced in a timely
fashion. Should further inquiry be necessitated by my review of those records and any
calendars that are produced I will notify you.

Finally, I do not believe that any documents have been produced pursuant to the
subpoena served on JOEASC on April 13, 2006. Please produce any and all responsive
documents immediately.

Very truly yours,

Ellen M. Caulo




## Suffolk County Sheriff's Department

ANDREA J. CABRAL
SHERIFF

Jail
200 Nashua Street
Boston, MA 02114
(617) 635-1100

House of Correction
20 Bradston Street
Boston, MA 02118
(617) 635-1000

**BY FAX & U.S. MAIL**

October 20, 2006

Stephen C. Pfaff, Esq.
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110

RE: Bergeron et al., v. Andrea Cabral, individually, and as Sheriff of Suffolk County
U.S.D.C. Civil Action No. 05-11661-RGS

Dear Attorney Pfaff:

During his deposition, Captain Moscone testified that he possesses a list of the Department employees who attended the fundraiser he hosted for Stephen Murphy at the Kailua Hawaiian in or about September 2004. (Moscone Deposition, pg. 106, lines 23-24). The list is clearly responsive to the Defendant's First Request for Production of Documents and I ask that you produce it immediately.

With respect to the remaining depositions, I have noticed John Barnes' deposition for October 27, 2006 and the continuation of Lorne Lynch's deposition for November 2, 2006. The Lynch deposition will take place at the House of Correction. Sheriff Cabral has prior commitments for the dates you indicated that you were available (November 14, 16 & 17). Therefore, I have taken the liberty of scheduling depositions of John Grennon, John Ellis and Tim Turley for those dates. Notices to that effect were faxed and mailed to your office today. The Sheriff is available to be deposed on November 27, and the afternoons of November 28 & 29, 2006. Please contact me ASAP to confirm one of those dates as her schedule fills up quickly.

Finally, please contact me regarding my correspondence of October 5, 2006 to discuss the responsive documents identified therein that have been withheld by the Plaintiffs as well as the subpoena served on JOEASC on April 13, 2006.

Very truly yours,

Ellen M. Caulo



## Suffolk County Sheriff's Department



Jail
200 Nashua Street
Boston, MA 02114
(617) 635-1100

House of Correction
20 Bradston Street
Boston, MA 02118
(617) 635-1000

ANDREA J. CABRAL
SHERIFF

**BY FAX AND U.S. MAIL**
December 5, 2006

Stephen C. Pfaff, Esq.
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110

RE:    Bergeron et al., v. Cabral
       United States District Court C.A. No. 05-11661-RGS

Dear Attorney Pfaff:

Per our phone conversation this morning, the depositions of plaintiffs Eric Dilibero and Paul Giglio have been cancelled at your request. Although you indicated that you were just advised that you are scheduled to begin a criminal trial tomorrow in Taunton, the depositions of Dilibero and Giglio were previously scheduled and confirmed by phone and letter on November 27, 2006. If there is any cost associated with the late cancellation it will be assessed against your clients.

As I informed you previously, I wish to complete all the depositions by the end of December. The recent cancellations may make that difficult and may necessitate an extension of the discovery deadline. Additionally, please produce the outstanding discovery (tax returns for all plaintiffs, mental health and treatment records for plaintiff Bergeron, list of Department employees who attended the fundraiser hosted by plaintiff Moscone, documents responsive to the JOEASC subpoena served on April 13, 2006, appointment calendars possessed by all plaintiffs documenting details and overtime shifts worked) identified in prior correspondence. I would prefer not to have to file a Motion to Compel.

Per your suggestion, the continuation of the Barnes deposition will be tentatively scheduled for Thursday (12/7) at 2:00 p.m. The deposition of plaintiff Peneau is confirmed for Friday (12/8) and I have rescheduled the deposition of plaintiff Dilibero for Friday (12/8) afternoon at 1:30 p.m. In order to complete both of the depositions on Friday, I propose starting with Peneau at 9:30 a.m.

Finally, the depositions of plaintiffs Turley and Grennon are confirmed for Wednesday, December 13, 2006 and Thursday, December 14, 2006 respectively.

Please contact me immediately if I have not accurately recounted our conversation regarding the scheduling of the remaining depositions.

Very truly yours,

Ellen M. Caulo

Enc.



## Suffolk County Sheriff's Department





Jail
200 Nashua Street
Boston, MA 02114
(617) 635-1100

House of Correction
20 Bradston Street
Boston, MA 02118
(617) 635-1000

ANDREA J. CABRAL
SHERIFF

**BY FAX AND U.S. MAIL**
December 8, 2006

Stephen C. Pfaff, Esq.
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110

RE:    Bergeron et al., v. Andrea Cabral
       United States District Court C.A. No. 05-11661-RGS

Dear Attorney Pfaff:

At your request, the deposition of Plaintiff Erik Dilibero that had been previously scheduled and confirmed for today, December 8, 2006, has been cancelled. Instead, only the deposition of Plaintiff William Peneau will go forward.

Yesterday you informed me that Plaintiff Tim Turley is in Guatemala and will not return for several weeks. As you know the deposition of Mr. Turley is scheduled for Wednesday December 13, 2006. That date had been previously scheduled and confirmed by phone and letter on December 5, 2006. Please advise me when Mr. Turley is scheduled to return so that I may re-notice his deposition.

Since the December 13, 2006 date is now available, I will re-notice Mr. Ellis' deposition for that date.

As I have informed you previously, I wish to complete all the depositions by the end of December. The recent cancellations may make that difficult and may necessitate an extension of the discovery deadline. Additionally, please produce the outstanding outstanding discovery (tax returns for all plaintiffs, mental health and treatment for plaintiff Bergeron, list of Department employees who attended the fundraiser hosted by plaintiff Moscone, documents responsive to the JOEASC subpoena served on April 13, 2006, appointment calendars possessed by all plaintiffs documenting details and overtime shifts worked).

Thank you for your attention to these matters.

Very truly yours,

Ellen M. Caulo



## Suffolk County Sheriff's Department



**ANDREA J. CABRAL**
SHERIFF

Jail
200 Nashua Street
Boston, MA 02114
(617) 635-1100

House of Correction
20 Bradston Street
Boston, MA 02118
(617) 635-1000

**BY FAX AND U.S. MAIL**
December 14, 2006

Stephen C. Pfaff, Esq.
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA  02110

RE:    Bergeron et al. v. Andrea Cabral
       United States District Court C.A. No. 05-11661-RGS

Dear Attorney Pfaff:

Per our phone conversation on Monday, December 11, 2006, the deposition of John Ellis, renoticed for December 13, 2006 was cancelled because you informed me that his wife just had a baby.  Similarly, you canceled the deposition of John Grennon, previously scheduled and confirmed for December 14, 2006, because Mr. Grennon was at training. Instead, Plaintiffs Erik Dilibero and Paul Giglio were deposed on Wednesday, December 13, 2006.  Both of those depositions were suspended because you have failed to produce their income tax returns previously requested.  Upon receipt and review of those documents, I will advise you if additional questioning is necessary.

During his deposition yesterday, Plaintiff Dilibero reviewed pocket calendars to refresh his memory as to specific incidents and dates.  As those are responsive to Defendant's First Request for Production of Documents, I ask that they be produced immediately. Additionally, Mr. Dilibero testified regarding emotional stress related to the decommissioning and stated that he and his wife are currently engaged in marriage counseling.  Those records are also responsive and I request that they be produced immediately.  Finally, Mr. Dilibero testified that he owned and operated a Laundromat in East Boston during the period of time that he was on workers' compensation in 2003-2004.  Please produce all records pertaining to the purchase and sale of the Neptune Laundromat and income earned.

During Mr. Giglio's deposition, he testified that his doctor is treating him for physical symptoms of stress that he alleges are related to his decommissioning.  Please produce those medical records, as they are responsive to the Defendant's First Request for Production of Documents.

Finally, please provide me with dates to complete the remaining depositions of John Ellis, John Grennon and Tim Turley.

Very truly yours,

Ellen M. Caulo

## Suffolk County Sheriff's Department



**ANDREA J. CABRAL**
SHERIFF

Jail
200 Nashua Street
Boston, MA 02114
(617) 635-1100

House of Correction
20 Bradston Street
Boston, MA 02118
(617) 635-1000

January 8, 2007

**BY FACSIMILE AND U.S. MAIL**

Stephen C. Pfaff, Esq.
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110

RE:    **Bergeron et al., v. Andrea Cabral, Individually and as Sheriff of Suffolk
County, C.A. No. 05-11661RGS**

Dear Attorney Pfaff:

I am in receipt of your letter dated January 8, 2007 concerning outstanding discovery
issues. I must say that I am deeply troubled by your response and your failure to produce
documents that were requested months ago and are, in any event, clearly responsive to
the Defendant's First Request for Production of Documents that was served on May 18,
2006. Indeed, when we spoke last week concerning the issue of outstanding discovery,
you requested that I give you until Monday, January 8, 2007, to **produce** the documents.
Instead, with the exception of Plaintiff Bergeron's counseling records[1], all you have
provided is a **promise** to produce the documents with the explanation that you have
requested the documents from your clients. With the deadline for discovery approaching
at the end of the month, this is entirely unacceptable.

Plaintiff Moscone was deposed on September 27, 2006. During the deposition, Moscone
testified that he possessed a list of the Department employees who attended the fundraiser
he hosted for Stephen Murphy in September 2004. (Moscone Deposition, pg. 106, lines
23-24). By letter dated October 20, 2006 I requested that the list be produced. Moscone
also testified that he might have calendars documenting the details he worked as a Deputy
Sheriff prior to his decommissioning. By letter dated October 5, 2006, I requested that
those calendars be produced. To date neither the list nor the calendars have been
produced.

---

[1] Plaintiff Bergeron was deposed on October 4, 2006. By letter dated October 5, 2006, I requested that his
mental health counseling and treatment records be produced immediately. Despite numerous phone calls
and letters requesting said records, they were not produced until today.

1

Plaintiff Lynch was deposed on October 6, 2006. During his deposition he testified that he had calendars documenting when he performed details as a Deputy Sheriff between 2000 and 2005. (Lynch Deposition, pg. 169, lines 4-11). I made a verbal request during the deposition that Lynch produce those calendars. (Lynch Deposition, pg. 171, lines 4-7). Despite numerous phone calls and subsequent correspondence (see letters dated December 5 & 8, 2006), the calendars have yet to be produced.

Plaintiffs Dilibero and Giglio were deposed on December 13, 2006. During Dilibero's deposition he utilized pocket calendars to refresh his recollection as to specific incidents and dates. I verbally requested that copies of the calendars be produced, which was followed by a written request dated December 14, 2006. In that same letter I also requested that Plaintiff Dilibero produce his marriage counseling records and records pertaining to his ownership and operation of the Neptune Laundromat. Despite subsequent conversations, these records have yet to be produced.

During Plaintiff Giglio's deposition, he testified that he was treating with a medical doctor for physical symptoms of stress that he alleges are related to his decommissioning. I requested those records by letter dated December 14, 2006 and to date have not received them. While I sympathize with Mr. Giglio's loss of his father, these records were requested almost one month ago. I note that Defendant's First Request for Production of Documents, served on May 18, 2006, requested the production of tax records for all the plaintiffs, including Mr. Giglio. To date the plaintiffs' response has been deficient.

Finally, I do not believe that all documents responsive to the subpoena served on JOEASC on April 13, 2006 have been produced.

With respect to our agreement pertaining to the number of admissions I intend to serve, my recollection is that we agreed on the total number of 100, not the number I could serve per plaintiff.

Please produce all outstanding discovery immediately along with a detailed explanation for the delay. In the event that discovery is not received by noon on Friday, January 12, 2007 I will file a Motion to Compel, seeking costs.

Very truly yours,

Ellen M. Caulo

2

1

1          UNITED STATES DISTRICT COURT

2           DISTRICT OF MASSACHUSETTS

3

4      Volume: I

5      **********************************
       DAVID BERGERON, ET AL,              :

6                    Plaintiffs,           :
       vs                                  :

7      ANDREA CABRAL,                      :
                    Defendant.             :

8      **********************************

9           DEPOSITION OF TIMOTHY TURLEY, a

10     witness called on behalf of the Defendant,

11     taken pursuant to the applicable provisions of

12     the Massachusetts Rules of Civil Procedure,

13     before William M. Jackson, Professional Court

14     Reporter and Notary Public in and for the

15     Commonwealth of Massachusetts, at the Nashua

16     Street Jail, 200 Nashua Street, Boston,

17     Massachusetts  02114, on January 9, 2007,

18     commencing at 10:20 a.m.

19

20

21          COPLEY COURT REPORTING, INC.
              59 Batterymarch Street

22          Boston, Massachusetts  02110
                 (617) 423-5841

23               www.copleycourt.com

24

11

```
1            lawsuit obviously -- strike that.

2                    What notes do you have pertaining to

3            the incidents that form the basis for this

4            lawsuit that involved you?

5     A.     Physical notes would be contained, written

6            notes would be in the George McCallum file and

7            another file that resulted in my discipline.  I

8            have those at home.  I have an e-mail file that

9            has several communications with counsel and

10           some other union officials titled "Lawsuit."

11           There is numerous electronic files in there.

12           Not all of them pertain.

13    Q.     That is something that you and your counsel can

14           review.  There is an outstanding discovery

15           request that was filed in May, and I don't have

16           that in front of me, but my sense is that some

17           of the documents that you are talking about now

18           are responsive to that.  Has a request been

19           made directly to you to turn over any

20           documents?

21    A.     Not directly.

22    Q.     Indirectly?

23    A.     Some of the other people, parties to this suit

24           told me that some documents were requested, but
```

12

```
1          nothing specifically of me has been requested
2          other than my appearance, of course, today.
3     Q.   And those conversations that you have had with
4          some of your fellow plaintiffs have occurred
5          around depositions, and as a result of
6          depositions, requests were made for documents,
7          is that fair?  I am trying to get a sense of
8          when it was that you became aware that
9          documents were being requested.
10    A.   Probably in the summer.  There was a generating
11         interest about this suit.  I cannot say
12         specifically.
13              MS. CAULO:  I am making a request for
14         any documents, notes, e-mails, electronic files
15         pertaining to communications, anything having
16         to do with the lawsuit that you and your fellow
17         plaintiffs have filed as well as the
18         allegations that directly involve you or any
19         other plaintiffs.
20              THE WITNESS: You are making that
21         request now?
22              MS. CAULO:  Yes.  I want it on the
23         record.  Thank you.
24    Q.   What is your date of birth, sir?
```

167

```
 1      A.   I don't know.  I didn't know that he was
 2           liaison for EAP.  There was an infectious
 3           control position he had.  Some sort of protocol
 4           officer that he had.  There was a dust up about
 5           that.  I don't know the nature of it exactly.
 6           He was removed from that position.  I don't
 7           know why.  My memory fails me.
 8      Q.   Did you produce your tax records, Corporal?
 9      A.   No.
10      Q.   I am actually just suspending the deposition
11           pending production of your tax records, which
12           has been requested, ongoing, for many months,
13           as well as the documents that I have requested
14           during the course of this deposition.  Has
15           anybody ever asked you for your tax records,
16           Corporal?
17      A.   No.  Barnes and Grennon mentioned that they had
18           to produce theirs, but nobody specifically
19           asked me for mine.
20                MS. CAULO:  Thank you.  We are done.
21                (Whereupon the deposition
22                suspended at 2:13 p.m.)
23
24
```

**ORIGINAL**

Volume:     1
Pages:      1 - 131
Exhibits:  See Index

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No: 1:05-CV-11661-RGS

DAVID BERGERON, JOHN GRENNON, LORNE LYNCH, JOHN )
BARNES, JOHN ELLIS, TIMOTHY TURLEY, AL MOSCONE, )
WILLIAM PENEAU, ERIK DILIBERO and PAUL GIGLIO,  )
                              Plaintiffs,        )
                                                 )
                    v.                           )
ANDREA CABRAL, INDIVIDUALLY and as SHERIFF OF    )
SUFFOLK COUNTY,                                  )
                              Defendant.         )


DEPOSITION OF **ERIK P. DILIBERO**, a

Witness called on behalf of the Defendant, taken

pursuant to the applicable provisions of the

Massachusetts Rules of Civil Procedure, before

Maureen Nashawaty, a Notary Public within and for

the Commonwealth of Massachusetts, held at the

offices of the Suffolk County Sheriff's

Department, 200 Nashua Street, Boston, MA, on

Wednesday, December 13, 2006, commencing at 10:15
a.m.


**COPLEY COURT REPORTING, Inc.**
58 Batterymarch Street
Boston, Massachusetts  02110
(617) 423-5841


**DISK ENCLOSED**

67

1    dollar bills in, take the dollars bills out of

2    the machine I might have done that.  I am not

3    sure.

4         Q.    What is the name of the laundromat?

5         A.    Neptune Laundromat.

6         Q.    What is the address?

7         A.    Good question.  (Check I wouldn't say

8    answer (Good question, I can't think of it right

9    now.  I would have to go back down to see that.

10        Q.    When did you sell it back to your

11   father?

12        A.    I'm not sure of the date.

13        Q.    Was there income associated with your

14   running of the laundromat?

15        A.    Yes.

16        Q.    Do you fill taxes on that?

17        A.    Yes.

18             MS. CAULO:  Have I received

19   Mr. Dilibero's tax returns?

20             MR. STEWART:  I can find out for you

21   but I'm not sure.

22        Q.    Sergeant, do you know whether or not

23   you have turned them over to your counsel?

24        A.    No, I haven't.

68

1     Q.    Okay?

2          MS. CAULO:  I have requested them

3     several months ago so when we finish today we

4     will suspend pending the production of those

5     documents.

6          THE WITNESS:  Okay.  Actually

7     probably you would have a copy of the earnings

8     because on the workmen's Comp. they sent me

9     something, and I put it in there of what I

10    earned.

11    Q.    So there is some record here at the

12    department in terms of the moneys that you earned

13    while operating the laundromat?

14    A.    Correct.  I know they sent me

15    something, have you made any money or whatever.

16    Q.    Was the department aware that you owned

17    the laundromat during the period of time that you

18    were out on Comp.

19    A.    I don't know.

20    Q.    You didn't inform them?

21    A.    No.

22         MS. CAULO:  Just a note for you, rob,

23    I will be requesting all of the records

24    pertaining to the purchase and sale of the

125

```
 1    mental health treatment as a result of the
 2    allegations in your complaint?
 3         A.    No.
 4         Q.    Have you received any mental health
 5    treatment in the last five years?
 6         A.    Describe mental health treatment.
 7         Q.    Well, have you gone to a psychiatrist,
 8    a social worker, a psychologist?  Have you
 9    received any form of counseling?
10         A.    I have been to a marriage counselor and
11    that is pretty much part of all of this too.
12         Q.    Well, what impact, if any, have the
13    allegations in your complaint had your on
14    marriage?
15         A.    I have been working more, not seeing my
16    family, more agitated about this stuff, fear, you
17    know, being in fear, I used to stay up nights.
18         Q.    Are you currently in marriage
19    counseling?
20         A.    Yes.
21         Q.    Okay.  Are you receiving any medication
22    for any of this emotional distress that you have
23    talked about?
24         A.    No.
```

COPLEY COURT REPORTING

1

1                          Volume 1
                        Pages 1-162
2                      Exhibits per index

3
            UNITED STATES DISTRICT COURT
4
              DISTRICT OF MASSACHUSETTS
5

6         Civil Action No. 05-CV-11661-RGS

7

8     ----------------------------:
                                   :
9     Bergeron, et al              :
                    Plaintiff,     :
                                   :
10    V.                           :
                                   :
11    Andrea Cabral                :
                    Defendant.     :
12                                 :
      ----------------------------:

13

14            DEPOSITION OF DAVID BERGERON, a witness
15    called on behalf of the Defendant taken pursuant to the
      Federal Rules of Civil Procedure, before Patricia M.
16    Haynes, a Certified Shorthand Reporter and Notary Public
      in and for the Commonwealth of Massachusetts, CSR No.:
17    14620F, at the Offices of Suffolk County Sheriff's
      Department, 200 Nashua Street, Boston, Massachusetts, on
18    Wednesday, October 4, 200, commencing at 10:15 a.m.

19

20

21

22            Copley Court Reporting
                101 Tremont Street
23         Boston, Massachusetts  02108
                 (617) 423-5841
24

145

```
 1        A.   I don't know.

 2        Q.   Any of the captains think of you in a negative

 3   light?

 4        A.   I don't believe so.

 5        Q.   Have you made any mistakes on the job between

 6   April of '05 and today's date?

 7        A.   I believe we all have.

 8        Q.   Have you been disciplined for any of these

 9   mistakes?

10        A.   No.

11        Q.   Have you received any treatment for any

12   emotional pain or distress?

13        A.   From this?

14        Q.   Yes.

15        A.   No.

16        Q.   Any mental health treatment?

17        A.   I do receive mental health treatment.

18        Q.   As a result of this?

19        A.   It doesn't help.

20        Q.   As a result of this?

21        A.   As a result of this, no.

22        Q.   When did you begin receiving mental health

23   treatment?

24        A.   I don't know what year it was.  It was five or
```

146

1   six years ago I think.

2        Q.    Do recall how often you go?  When did you

3   begin going?

4        A.    Generally once a month.

5        Q.    What is the title of the person that you see,

6   is it a psychiatrist, licensed clinical social worker,

7   psychologist?

8        A.    Psychiatrist and a therapist.

9        Q.    Do you discuss issues relating to the loss of

10  your deputy sheriff status?

11       A.    I've discussed this lawsuit.

12       Q.    With both of these individuals, the two

13  different individuals?

14       A.    Yes.

15       Q.    Do you see each one of them once a month?

16       A.    The psychiatrist less.  The therapist once a

17  month usually.  The psychiatrist maybe three times a

18  year.

19       Q.    Have you gone more frequently to either of

20  these professionals since you were decommissioned in

21  April of '05?

22       A.    I think it's remained the same.

23       Q.    Have you been prescribed any medication by

24  either of these individuals since April of 2005?

1

1  UNITED STATES DISTRICT COURT

2  DISTRICT OF MASSACHUSETTS

3

4  Volume: I

5  \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
   DAVID BERGERON, ET AL,                 :
6                      Plaintiffs,         :
   vs                                      :
7  ANDREA CABRAL,                          :
                      Defendant.           :
   \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

8

9        DEPOSITION OF ALBERT J. MOSCONE, a

10  witness called on behalf of the Defendant,

11  taken pursuant to the applicable provisions of

12  the Massachusetts Rules of Civil Procedure,

13  before William M. Jackson, Professional Court

14  Reporter and Notary Public in and for the

15  Commonwealth of Massachusetts, at the Nashua

16  Street Jail, 200 Nashua Street, Boston,

17  Massachusetts  02114, on September 27, 2006,

18  commencing at 10:00 a.m.

19

20        COPLEY COURT REPORTING, INC.
             101 TREMONT STREET
21        BOSTON, MASSACHUSETTS  02108
               (617) 423-5841
22            www.copleycourt.com

23

24

# ORIGINAL

DISK
ENCLOSED

96

```
 1              uniform, Suffolk County uniform with a badge?
 2    A.   Yes.
 3    Q.   Did you have a weapon issued by the department?
 4    A.   Yes.
 5    Q.   Did you have a cruiser issued by the
 6         department?
 7    A.   Yes.
 8    Q.   Would you interact with the public when doing
 9         details?
10    A.   Yes.
11    Q.   Did you interact with other law enforcement
12         details doing those details?
13    A.   Yes.
14    Q.   Were you a representative of Suffolk County
15         Sheriff's Office doing those details?
16    A.   Yes.
17    Q.   Did you keep a record or calendar of the
18         details that you did?
19    A.   No.
20    Q.   Do you have any records currently of any
21         details that you did, any sort of calendar,
22         log, date book that indicates the dates in
23         which you did details?
24    A.   I may have some calendars.  They may be in my
```

97

```
 1          locker.  I relied on the tax forms.
 2                    MS. CAULO:  Steve, I will be
 3          requesting calendars, records that indicate
 4          details.
 5     Q.   Who are the details for, what details did you
 6          do in 2001, who are they for?
 7     A.   Mainly, for the Big Dig through the state
 8          police.
 9     Q.   2002?
10     A.   The same.
11     Q.   2003?
12     A.   The same.
13     Q.   2004?
14     A.   The same.
15     Q.   2005?
16     A.   None.
17     Q.   You did not do any details between January and
18          February of 2005?
19     A.   I will have to check to see when I was removed
20          from the deputy sheriff's status.
21     Q.   Refresh your memory, February 21, 2005.  Does
22          that refresh your memory as to whether or not
23          you did any details between January and
24          February of 2005?
```

106

```
 1    A.   No.

 2    Q.   You indicated that you held a fund-raiser.

 3         What did you do in order to hold this

 4         fund-raiser?

 5    A.   I called friends up, and had a small

 6         fund-raiser at my friend's restaurant.

 7    Q.   Where was it?

 8    A.   East Boston.

 9    Q.   What's the restaurant?

10    A.   Kailua Hawaiian.

11    Q.   When was it?

12    A.   It was two weeks before the election.

13    Q.   How did you publicize it?

14    A.   Word of mouth.  Phone calls.

15    Q.   How many people were there?

16    A.   Approximately, fifty.

17    Q.   Were any employees from the department there?

18    A.   Yes.

19    Q.   How many?

20    A.   Approximately, twenty.

21    Q.   Who?

22    A.   Rickey Colman, Kevin Janelis, Mike Donovan,

23         myself, Michael Sinelli, Dave McCarthy.  I

24         would have to look at my list.  I can't
```

1

1    UNITED STATES DISTRICT COURT
     FOR THE DISTRICT OF MASSACHUSETTS
2
          Civil Action No. 05-CV-11661-RGS
3

4    *****************************************
                                              *
5    DAVID BERGERON, JOHN GRENNON,            *
     LORNE LYNCH, JOHN BARNES, JOHN ELLIS,    *
6    TIMOTHY TURLEY, AL MOSCONE,              *
     WILLIAM PENEAU, ERIC DILIBERO and        *
7    PAUL GIGLIO,                             *
                       Plaintiffs,            *
8                                             *
        vs.                                   *
9                                             *
     ANDREA CABRAL, INDIVIDUALLY and          *
10   as SHERIFF OF SUFFOLK COUNTY,            *
                       Defendant.             *
11                                            *
     *****************************************

12

13

14

15       **DEPOSITION OF LORNE LYNCH**, a witness
     called on behalf of the Defendant, taken pursuant
16   to the provisions of the Federal Rules of Civil
     Procedure, before Christine L. Warwick, a
17   Certified Shorthand Reporter and Notary Public in
     and for the Commonwealth of Massachusetts, at the
18   offices of the Suffolk County Sheriff's
     Department, 200 Nashua Street, Boston,
19   Massachusetts 02114, on Friday, October 6, 2006,
     commencing at 10:00 a.m.

20

21

22                                    ❧ ORIGINAL

23            **COPLEY COURT REPORTING**
           58 Batterymarch Street, Suite 317
24            Boston, Massachusetts 02110
                   (617) 423-5841

169

```
 1      those spots.  You would just take your vehicle,
 2      pull it to the side, get out and direct traffic
 3      from that point there.
 4  Q.  Do you have any records pertaining to the times
 5      that you've done details between 2000 and 2005,
 6      calendars?
 7  A.  Yeah, I have calendars.
 8  Q.  Indicating when you were doing details?
 9  A.  Yes.
10  Q.  Do you have those?
11  A.  Yes.
12  Q.  Would they indicate whether or not you used your
13      own vehicle or a cruiser?
14  A.  In some cases, yes.  In some cases, no.  Usually,
15      I would just mark eight-hour detail and put the
16      hours down.
17  Q.  Would you have to get the keys -- how would you
18      get the cruiser to do the detail?  Would there be
19      a record of you taking a cruiser out?
20  A.  If you took a cruiser out, yes, there would be a
21      record of it.
22  Q.  So if you took a cruiser out, would there be a
23      date that you took the cruiser out?
24  A.  Yes.
```

COPLEY COURT REPORTING
(617) 423.5841

171

1       the Department or through Boston Police directly?

2    A. By way of the Department through the City. It

3       would come in your City check.

4           MS. CAULO: I made a similar request for

5       calendars from Captain Moscone. I'll make the

6       same request for Lieutenant Lynch. Thank you very

7       much.

8    A. I believe I have a calendar there, but.

9    Q. Okay. Lieutenant, who did you support in the 2004

10      Suffolk County Sheriff's election?

11   A. Stephen Murphy.

12   Q. Prior to the primary election -- the primary

13      election for Suffolk County sheriff was in

14      September 2004, do you recall that?

15   A. Yes.

16   Q. The general election being in November?

17   A. Yes.

18   Q. And prior to the primary election in September of

19      2004, did you know who Captain Al Moscone

20      supported for Suffolk County sheriff?

21   A. Yes.

22   Q. Who did he support?

23   A. Steve Murphy.

24   Q. And how did you know that?