UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DAVID BERGERON ET AL., <br> Plaintiffs <br><br> v. <br><br> ANDREA CABRAL, INDIVIDUALLY <br> And SHERIFF OF SUFFOLK COUNTY, <br> Defendant | ) ) ) ) ) ) ) ) ) ) ) | C. A. No. 05-11661-RGS |

**DEFENDANT'S ASSENTED TO MOTION TO EXTEND SCHEDULING ORDER**

Now comes Defendant Andrea Cabral and, with the assent of the Plaintiffs, hereby moves for an extension of the scheduling order. Specifically, Defendant requests, with the assent of the Plaintiffs, that the period for discovery be extended to March 31, 2007 and that motions for summary judgment may be filed on or before May 31, 2007. As grounds for this Motion the Defendant states as follows:

1. This case involves ten plaintiffs and complex issues involving allegations of retaliation based upon protected union activity and political affiliation.

2. The Plaintiff's complaint was filed on August 11, 2005. The Court issued a Scheduling Order on or about December 1, 2005, which called for the completion of discovery by August 31, 2006 and the filing of dispositive motions by September 29, 2006.

3. On July 11, 2006, despite diligent efforts to complete discovery by the August 31, 2006 deadline, the parties jointly moved for a 120-day extension of the scheduling order.

4. The Court granted the extension on July 13, 2006, ordering that discovery be completed by January 31, 2007 and dispositive motions filed on or before February 28, 2007. In its order the Court stated that no further extensions would be granted.

5. Defendant has diligently endeavored to complete all discovery by the current deadline of January 31, 2007.

6. Defendant has taken the depositions of nine of the ten plaintiffs. Most of these depositions were re-scheduled numerous times, often at the last minute, at the request of counsel for the Plaintiffs. During the course of some of these depositions, Defendant became aware of the existence of documents that were responsive to the Defendant's First Request for Production of Documents, but had not been produced.

7. Defendant served a Request for the Production of Documents on May 18, 2006. The Plaintiffs have not fully complied with that document production request. To date, documents responsive to that request and identified during depositions, have not been produced. Accordingly, it was necessary for the Defendant to file a Motion to Compel on January 12, 2007. (Document No. 9).

8. During the deposition of Plaintiff John Ellis on January 18, 2007[1], Ellis testified that when his term as secretary for the union (JOEASC) concluded, a box of union documents including minutes of meetings

---

[1] The deposition of Plaintiff John Ellis was originally scheduled for November 17, 2006 but was cancelled at the request of the Plaintiff. The deposition was renoticed and confirmed for December 13, 2006 but cancelled again at the Plaintiff's request. Defendant re-noticed the deposition of Plaintiff Ellis for January 10, 2007 and confirmed the date with counsel, however Plaintiff Ellis failed to appear for his deposition. Mr. Ellis was finally deposed on January 18, 2007.

        (general membership and executive board meetings), emails, and correspondence was delivered to the law offices of Merrick, Louison & Costello.  Plaintiff Ellis stated that he had not been requested to look for documents responsive to the Defendant's request.

9. Defendant made a request for the documents at the deposition and later that day in a telephone conversation with counsel for the Plaintiffs, Attorney Stephen C. Pfaff.

10. To date no documents[2] have been produced, nor has there been a response regarding the whereabouts of these documents.

11. It is believed that these documents, and others that have been requested and not yet produced, are responsive to the Defendant's First Request for Production of Documents and relevant and necessary to the Defendant's defense in this litigation.  Upon receipt of these documents it may be necessary to reopen some of the depositions that have already been taken.

12. Defendant has attempted to complete all the depositions by the January 31, 2007 discovery deadline but has been unable to do so because of the Plaintiffs' dilatory response to discovery.

13. With the discovery deadline less than one week away and summary judgment due on February 28, 2007, the Defendant is compelled to request this extension.

14. The Plaintiffs have assented to this request and will not suffer any prejudice by this extension.

---

[2] On April 13, 2006, Defendant served a subpoena on the Union (JOEASC) seeking records and documents as identified in Schedule A attached to the subpoena.  The documents referenced by Plaintiff Ellis were encompassed in that request.  Documents and records responsive to that subpoena have not been produced.

WHEREFORE, the Defendant requests that the Court grant an extension of the discovery deadline to March 31, 2007 and the filing of dispositive motions on or before May 31, 2007.  Alternatively, should the Court grant the Defendant's Motion to Compel (Document No. 9) and order the production of all responsive documents by a date certain, the Defendant would request an additional 45 days to complete depositions and/or additional discovery necessitated by the production said documents and the filing of summary judgment two months thereafter.

Respectfully submitted
SHERIFF ANDREA CABRAL,
By her attorney,


/s/ Ellen M. Caulo
Ellen M. Caulo (BBO #545250)
Suffolk County Sheriff's Department
200 Nashua Street
Boston, MA 02114

**Certificate of Counsel Pursuant to Local Rule 7.1**

Pursuant to L.R. 7.1(A)(2), I certify that I have conferred in good faith with counsel for the Plaintiffs to resolve or narrow the issues raised in this motion, and that the Plaintiffs have assented to the extension requested in this motion.

/s/ Ellen M. Caulo
Ellen M. Caulo