UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-11661-RGS

DAVID BERGERON, JOHN GRENNON,
LORNE LYNCH, JOHN BARNES,
JOHN ELLIS, TIMOTHY TURLEY,
AL MOSCONE, WILLIAM PENEAU,
ERIC DILIBERO and PAUL GIGLIO,
    Plaintiffs,

V.

ANDREA CABRAL, INDIVIDUALLY and
as SHERIFF OF SUFFOLK COUNTY,
    Defendant.

## PLAINTIFFS' OPPOSITION TO SECOND MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

### I.   STATEMENT OF THE CASE

Plaintiffs' Complaint was filed on August 11, 2005.  The plaintiffs completed discovery shortly thereafter ,upon completion of the defendant's deposition as well as the deposition of defendant's employees.  On or about January 12, 2007, defendants filed a Motion to Compel which this Court found on January 25, 2007 was moot given the fact that the parties had requested an additional extension of discovery – which was granted by the Court – until March 31, 2007.  Prior to the expiration of the discovery deadline, the defendant finished all of the plaintiffs' depositions.

### II   ARGUMENT

Defendant's Motion Should Be Denied Because the Plaintiffs Have Answered the Defendant's   Interrogatories, Answered the Defendant's Request for Production of Documents, and   Answered the Defendant's Admissions.

1

   **A.**  **Defendant's Interrogatories**

  Coterminously with the filing of this opposition Motion to Defendant's Motion to Compel, the plaintiffs will serve their Answers to Interrogatories on the defendant. However, the answers as of yet are unsigned due to the difficulty in procuring signatures of the plaintiffs because of their varying work schedules. As the Court is aware, the plaintiffs work three separate shifts and it is cumbersome to procure their signatures. Nonetheless, the plaintiffs submit that all signatures will be supplied to the defendant by the close of business on May 18, 2007.

   **B.**  **Defendant's Request for Production of Documents**

  The defendant takes exception to the plaintiffs' responses as being "incomplete and wholly inadequate." The plaintiffs have supplemented their responses and recognize their on-going obligation to continue to supplement their responses. Moreover, to the extent that all of the plaintiffs have not provided their tax records to the defendant, the four remaining plaintiffs who have not produced their tax records will do so prior to May 18, 2007, in anticipation of the defendant filing summary judgment.

  To the extent that certain plaintiffs – most particularly Giglo and Dilibero – have not produced any medical records regarding their alleged emotional or physical stress suffered at the hands of the defendant, the plaintiff will produce any and all such records by the close of business on May 18, 2007.

  The defendant maintains that during certain plaintiff's deposition – to wit, Timothy Turley, John Ellis, John Grennon, John Barnes – testimony was elicited regarding documents in their care, custody and control and/or documents that have been produced to their counsel. Any

and all documents produced to their counsel, to counsel's knowledge, have been produced to the plaintiff, and as stated earlier, the plaintiffs will continually supplement their responses upon discovery of relevant documents. Counsel for the plaintiffs recognizes their on-going obligation to supplement discovery requests and will continue to do so.

With due respect to the defendant's position, there have been numerous changes in the leadership of the union to which the plaintiff's belong, and many, if not all, of the requests by the defendant pertain to union records. The parties have formally discussed this matter, and to the extent that the documents are not protected by attorney/client privilege, the plaintiffs will produce such documents upon their discovery.

    **C.**    **<u>Defendant's Request for Admissions</u>**

While not part of the Motion to Compel, the defendant has, in fact, made requests for admissions to the plaintiff which, as of this date, the plaintiffs have answered and produced to the defendant, albeit without signatures. Again, obtaining signatures from individuals who work different shifts is difficult, albeit not impossible, and signatures from the plaintiffs to the defendant's admissions requests will be supplied no later than May 18, 2007. Counsel for the respective parties have entered into an informal agreement for the providing of these signatures.

WHEREFORE, the plaintiffs move this Honorable Court to deny the plaintiff's Motion to Compel and for Sanctions, as plaintiffs maintain that all discovery responses – save for supplemental responses as part of the plaintiff's objection to supply same – will be provided to the defendant no later than the close of business of May 18, 2007.

Alternatively, the plaintiffs would request that this Court issue an Order that the plaintiffs comply with all outstanding discovery requests no later than May 18, 2007, and that the time for

filing summary judgment be moved back by only 30 days, until June 30, 2007.

                          Plaintiffs, Bergeron, Grennon, Lynch,
                          Barnes, Ellis, Turley and Moscone,

                          By their attorney,

                          /s/ *Stephen C. Pfaff*
                          _____
                          Douglas I. Louison BBO# 545191
                          Stephen C. Pfaff BBO# 553057
                          Merrick, Lousion & Costello, LLP
                          67 Batterymarch Street
                          Boston, MA 02110
                          (617) 439-0305

## CERTIFICATE OF SERVICE

     I, Stephen C. Pfaff, hereby certify that on the 8th day of May, 2007, I served the foregoing by causing a copy to be served electronically to Ellen Caulo, Esquire, Deputy General Counsel, Suffolk County Sheriff's Department, 200 Nashua Street, Boston, MA 02114

                          /s/ *Stephen C. Pfaff*
                          _____
                          Stephen C. Pfaff