UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11661-RGS

DAVID BERGERON, et al.,

v.

ANDREA CABRAL

ORDER ON DEFENDANT'S
MOTION FOR RECONSIDERATION

April 15, 2008

STEARNS, D.J.

On February 27, 2008, defendant Sheriff of Suffolk County, Andrea Cabral, filed a motion for reconsideration of that portion of the court's Memorandum and Order denying her motion for summary judgment on a political discrimination claim brought by plaintiffs Lynch, Moscone, Bergeron, Ellis, Barnes, and Grennon. Cabral argues that the court's decision relied on allegations in plaintiffs' supporting memorandum for which there is no support in the record. Cabral also reasserts the argument, previously rejected by the court, that she is entitled to qualified immunity.

Specifically, Cabral points out that there is no evidence in the record that Lynch was informed by his immediate superior that "Cabral was 'pissed off' at him" for attending a fundraiser in support of Cabral's campaign opponent, Stephen Murphy. Cabral correctly observes that the only source for this allegation is an unsupported statement in plaintiffs' original memorandum. In addition, Cabral notes that there is no evidence in the record that Deputy Superintendent Cliff Carney told Lynch that "Cabral considers 'two types of

good standing,' – those who do their job well and those who support her." The record reveals that Carney simply stated, "There's two types of good standing," without further elaboration. In response, plaintiffs' counsel argues that the invention of the phrase "pissed off" was not meant to mislead the court (although counsel offers no other apparent purpose for the confabulation). With regard to the quotation attributed to Carney, counsel argues that the gloss - "those who do their job well and those who support her," - was simply an attempt on his part to construe Carney's meaning.

While the court agrees that the misstatements are not so egregious or material as to warrant a revisiting of defendant's motion for summary judgment, the court remains concerned at counsel's casual misconstruction of the record and his fabrication of a quotation damaging to Cabral.[1] Accordingly, as a sanction, plaintiffs will be barred from eliciting testimony as to either of the two contested comments at trial, either in their original or in their reinvented form. The motion will be <u>DENIED</u> in all other respects.[2] Because evidence remains in the record that Cabral knew of plaintiffs' support for Murphy, and acted adversely against them as a result, the court will leave for the jury to decide what ultimately motivated Cabral in stripping the plaintiffs of their commissions as Deputy Sheriffs.[3]

---

[1] The court does not accept counsel's practice putting of quotation marks around a made-up phrase. Quotation marks are meant as a signal of what was actually said, not what counsel thinks the speaker might have meant.

[2] The court is offered no persuasive reason to revisit the qualified immunity issue.

[3] In her original memorandum in support of her motion for summary judgment, Cabral stated that she assumed that Ellis, Barnes, and Grennon supported Murphy because of their involvement in the dissemination of two letters and a press release that contained

ORDER

For the foregoing reasons, Cabral's motion for relief is DENIED. However, sanctions are imposed as indicated in the body of the memorandum.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

similar allegations to literature issued by the Murphy campaign. She also assumed that Bergeron supported Murphy because she saw Bergeron holding a Murphy sign on primary day. Finally, she assumed that Moscone and perhaps Lynch supported Murphy because they attended a fundraiser for him. (Docket # 17, at 31, note 55).